IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILLIE NORRIS BARKER,**                                                          **PLAINTIFF**

V.                                                                                  NO. 1:06CV9-D-D

**STATE OF MISSISSIPPI,**                                                          **DEFENDANT**

## O P I N I O N

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, who is proceeding *pro se*, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages.

Plaintiff was arrested in May 1979 and charged with rape. In December 1979, plaintiff was tried by a jury, convicted of the charge, and sentenced to serve 12 years in the custody of the Mississippi Department of Corrections. He served five years and four months, then was released.

Plaintiff argues that his due process rights were violated in that no arrest warrant was issued before he was taken into custody. He further claims that he became mentally ill while in custody.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

When a prisoner brings a § 1983 action seeking damages, the trial court must ascertain whether a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 2372 (1994). If it would, the prisoner must show that his conviction has been

"reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" in order to state a claim. *Id*. at 114 S.Ct. 2373. If not, dismissal of the § 1983 action is appropriate.

While plaintiff is no longer a prisoner, the allegations clearly are covered by *Heck*. Unquestionably, any judgment in favor of the plaintiff would imply the invalidity of his conviction or sentence. He has not alleged that his conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and the court can find no indication that the conviction was set aside. As a result, his complaint is legally frivolous under 28 U.S.C. § 1915(d). Consequently, it should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).

Additionally, even assuming *arguendo* that plaintiff's case alleged a constitutional violation, it was filed far beyond the allowable time. Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is § 15-1-49, Mississippi Code Annotated (Supp. 1994), which allows a litigant three years to file a personal injury action.[1] The statute begins to run at the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Russell v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993).

It is unclear exactly when plaintiff's alleged injuries occurred. However, he was released after spending five years and four months in confinement after having been convicted in December 1979. Therefore, he was released sometime in 1985. Since he allegedly became

---

[1] The three-year limitation began July 1, 1989. Prior to that, the period was six years.

mentally ill while in prison, he would have had six years from that time to file suit, which would have been at some point in 1991. The allegation concerning the lack of an arrest warrant would, of course, have needed to be filed even earlier since the basis for that allegation occurred in 1979. This suit was filed in January 2006, at least 15 years after the permissible time. Therefore it must be dismissed. A complaint filed *in forma pauperis* may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(d); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327, 198 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). The complaint at bar meets this criteria and therefore should be dismissed with prejudice as frivolous.

      A final judgment in accordance with this opinion will be entered.

      THIS the 31st day of January, 2006.

                                                /s/ Glen H. Davidson
                                                CHIEF JUDGE